UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERCY LEE FERGUSON,

       Petitioner,                              Case No. 1:07-cv-689

v.                                               Honorable Robert J. Jonker

CARMEN PALMER,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). The exhaustion rule requires a petitioner to "fairly present" federal claims so that state

courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan,* 526 U.S. at 842; *Picard v. Conner,* 404 U.S. 270, 275-77 (1971), cited in *Duncan v. Henry,* 513 U.S. 364, 365 (1995), and *Anderson v. Harless,* 569 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan,* 513 U.S. at 365-66; *Silverberg v. Evitts,* 993 F.2d, 124, 126 (6th Cir. 1993); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990).

After undertaking the review required by Rule 4, I conclude that Petitioner has exhausted his available state-court remedies as to the claims raised in the petition. In the Michigan Court of Appeals, petitioner raised the following claim:

> Defendant is entitled to resentencing under the state and federal constitutional due process clauses where the statutory sentencing guidelines were mis-scored points for a prior misdemeanor conviction that defendant states resulted in a conditional sentence and where the court file has been destroyed.

The Court of Appeals denied Petitioner's delayed application for leave to appeal on April 12, 2006 for lack of merit in the grounds presented. Petitioner's application for leave to appeal in the Michigan Supreme Court was denied August 29, 2006, because that court was not persuaded that the question presented should be reviewed by that court.

Petitioner presents the following two grounds for habeas corpus relief: (1) the trial court denied Petitioner his due process rights when the court erroneously scored a prior misdemeanor conviction; and (2) the trial court abused its discretion by relying on false information in Petitioner's pre-sentence report and erroneously scoring points for a purportedly mis-scored prior misdemeanor conviction. Although Petitioner, proceeding *in pro per*, has divided his argument into

two separate claims, it is readily apparent they are identical for all practical purposes, the allegations that the trial court denied petitioner "due process" and "abused its discretion" when it relied upon a mis-scored or false misdemeanor conviction, being the same.

Further, Petitioner raised his claim as a federal constitutional due process issue beginning with the Michigan Court of Appeals, relying upon federal case law. Accordingly, Petitioner has exhausted his state court remedies.

### **Discussion**

Petitioner currently is incarcerated at the Deerfield Correctional Facility. On October 18, 2004, Petitioner pleaded guilty to larceny from the person, MICH. COMP. LAWS § 750.357, as a third habitual offender, MICH. COMP. LAWS § 769.11. The trial court sentenced him to imprisonment of two years and ten months to twenty years.

Petitioner subsequently moved for re-sentencing because the trial court considered a 1984 misdemeanor charge in scoring his sentencing guidelines. Petitioner states that the misdemeanor charge should have been removed from his record after he completed probation. Without the 1984 misdemeanor conviction, Petitioner allegedly would have received a lower sentencing guideline score. The trial court granted Petitioner's motion for re-sentencing. At Petitioner's re-sentencing on September 21, 2005, the attorneys noted that they could not recover the records for the 1984 misdemeanor charge because the court only maintained those records for fifteen years. To verify the 1984 conviction, the trial court reviewed the oldest pre-sentence investigation report (PSIR) extant, dated July 5, 1994, in Petitioner's file. That PSIR included the 1984 conviction. The trial court held that the misdemeanor conviction was valid based upon its inclusion in the 1994 PSIR, which had been completed during the 15 year period the record of the

conviction would have been maintained. The court concluded the probation agent would have reviewed the Law Enforcement Information Network (LEIN) prior to completing the 1994 PSIR, and including the conviction. The trial court therefore re-imposed the original sentence. It appears no evidence was introduced at resentencing to suggest that Petitioner had objected to inclusion of the 1984 conviction in the PSIR in 1994.

Here, Petitioner contends that he was denied due process, because the presentence investigation report contained this purported error and the state court judge relied upon it. "It is undisputed that convicted defendants, including those who plead guilty, have a due process right to a fair sentencing procedure." *United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990). The Supreme Court has concluded that a person "sentenced on the basis of assumptions concerning his criminal record which were materially untrue . . . is inconsistent with due process of law." *Townsend v. Burke*, 334 U.S. 736, 741(1948). *See United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988) ("[a] sentence must be set aside where the defendant can demonstrate that false information formed part of the basis for the sentence"). In such cases, "[i]t is not the duration or severity of [the] sentence that renders it constitutionally invalid; it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false, *which the prisoner had no opportunity to correct by the services which counsel would provide,* that renders the proceedings lacking in due process." *Townsend*, 334 U.S. at 741 (emphasis added).

Thus, "*Townsend* and its progeny are generally viewed as having established a due process requirement that a defendant be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false." *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007) (internal quotations

omitted). In raising such a due process claim, a habeas petitioner "must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." *Stevens*, 851 F.2d at 143.

In the present case, Petitioner was afforded a resentencing hearing with counsel for the specific purpose of addressing the issue he raises here, whether a 1984 misdemeanor conviction should have been considered in calculating his state sentencing guidelines. The trial court determined that since the conviction was contained in a previous court record which had been created during the time the 1984 court file would have been in existence, the evidence of the conviction was sufficiently reliable to proceed. In making this determination, the court was on solid ground. MCL 769.13(5) provided that the existence of a defendant's prior conviction can be established by, *inter alia,* "[i]nformation contained in a presentence report." Thus, the trial court had in front of it (in addition to the current PSIR) evidence of the 1984 misdemeanor conviction in a 1994 PSIR, which apparently had not been objected to in 1994, when the underlying records were still available for examination and had apparently been consulted for preparation of the PSIR. Based upon these factors, it was certainly not unreasonable for the trial judge to rely upon the trustworthiness of a court record. Petitioner was unable to produce any evidence that the record was not correct, other than merely stating his own belief that the 1984 conviction (which he does not contest) was to be removed if he successfully completed a year of probation. There was neither evidence this was in fact the case, or indeed that he even had completed a year of probation successfully.

The state courts have determined that Petitioner's claim lacked merit. Those factual determinations are entitled to a presumption of correctness, and Petitioner has failed to rebut that

presumption by clear and convincing evidence, as required by 28 U.S.C. § 2254(e)(1). *See Lancaster,* 324 F.3d at 429; *Bailey,* 271 F.3d at 656. "[T]he extent of a defendant's constitutional right is 'not to be sentenced on the basis of invalid information,'" and a defendant "must be given an *opportunity to rebut* any challenged information." *United States v. Barrett,* 890 F.2d 855, 865 (6th Cir. 1989)(emphasis added), *superseded on other grounds, United States v. Williams,* 940 F.2d 176, 181 n.3 (6th Cir. 1991); *see also Stevens,* 851 F.2d at 143. Petitioner had ample opportunity to rebut the information. The fact that the sentencing court did not find Petitioner's contention to be persuasive in the face of credible evidence to the contrary, does not demonstrate that the court relied on "misinformation."

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it lacks merit on its face. I further recommend that a certificate of appealability be denied. *See, Slack v. McDaniel,* 529 U.S. 473 (2000).

Dated: May 8, 2008                                          /s/ Hugh W. Brenneman, Jr.
                                                                         HUGH W. BRENNEMAN, JR.
                                                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).