UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERCY LEE FURGUSON,

    Petitioner,                                           Case No.  1:07-CV-689

v.                                                         Hon. Robert J. Jonker

CARMEN PALMER,

    Respondent.
_____/

**<u>ORDER AND JUDGMENT</u>**
**<u>APPROVING REPORT AND RECOMMENDATION</u>**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 6) filed on May 8, 2008. Petitioner filed his Objection to the Report and Recommendation (docket # 7) on May 20, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3); *See also* 28 U.S.C. § 636(b)(1)(C) (LEXIS through P.L. 110-180). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's Objection. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct. The Report and Recommendation recommends that Petitioner's habeas corpus petition be summarily dismissed because it lacks merit on its face.

Petitioner's only argument in response is a new permutation on his core claim. His objection abandons the argument made in his petition and addressed in the Report and Recommendation that the trial court violated Due Process when it considered at sentencing a disputed 1984 misdemeanor conviction. The petitioner's original formulation of his argument is fully and properly addressed in the Report and Recommendation, and the Court now adopts the reasoning and recommended conclusion that there was a valid factual basis for the 1984 misdemeanor conviction. Petitioner's new permutation is the claim that the state trial court violated not only Due Process but also section 777.50 of the Michigan Compiled Laws when it considered his 1984 misdemeanor charge in scoring his sentencing guidelines. The only questions raised by Petitioner's objection and addressed in this Order

are (1) whether a violation of section 777.50 constitutes a violation of Due Process, and (2) assuming it does, whether section 777.50 was violated in this case.

Petitioner's new permutation of the argument is without merit.  Section 777.50 is a Michigan statute generally addressing the proper use of prior convictions in the state sentencing process.  The Court is not aware of a case holding that a violation of section 777.50 is tantamount to a violation of Due Process.  To the contrary, as long as a sentence is within the limits set by statute, a state prisoner has no general Due Process claim if a state court fails to follow state-prescribed sentencing rules.  *See Townsend v. Burke*, 334 U.S. 736, 741 (1948) (holding that a particular sentence that did not exceed the statutory maximum would have been constitutionally valid but for the possibility that the defendant was sentenced that rested "on a foundation [that was] extensively and materially false").  Rather, Due Process simply guarantees "[a] defendant's . . . right . . . 'not to be sentenced on the basis of invalid information.'"  *United States v. Barrett*, 890 F.2d 855, 865 (6th Cir. 1989).  Accordingly, even if the trial court violated section 777.50, Due Process is not offended as long as Petitioner was sentenced on the basis of valid information.

Moreover, in this case there was no violation of section 777.50 in any event. Petitioner is correct that section 777.50 precludes, as a general rule, the consideration of a "conviction or juvenile adjudication that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication."  MICH. COMP. LAWS

§ 777.50(1). But Petitioner ignores the remainder of that section, which provides that a court must:

> Apply subsection (1) by determining the time between the discharge date for the prior conviction or juvenile adjudication most recently preceding the commission date of the sentencing offense. If it is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables *and determine the time between the commission date of that prior conviction and the discharge date of the next earlier prior conviction or juvenile adjudication*. If that period is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables *and repeat this determination for each remaining prior conviction or juvenile adjudication until a period of 10 or more years is found or no prior convictions or juvenile adjudications remain*.

*Id.* § 777.50(2) (emphasis added). The trial court complied with section 777.50(2), and until now there has never been an argument from Petitioner that it did not. Petitioner was convicted for a 1994 offense, and there is no indication that he objected to consideration of the 1984 offense at the sentencing for the 1994 offense. The 1994 offense occurred within ten years of the 2004 offense, and the 1984 offense occurred within ten years of the 1994 offense. Accordingly, the 1984 offense was properly considered under section 777.50(2) and Petitioner's objection is misplaced.

### *Certificate of Appealability*

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A) (Lexis through P.L. 110-180); FED.

R. APP. P. 22(b)(1). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); In re *Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the petitioner must demonstrate that reasonable jurists could "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

When a district court rejects a habeas petition on the merits, the required "substantial showing" is "straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. But when a district court denies a habeas claim on procedural grounds without addressing the claim's merits, the petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). If the district court invokes a plain procedural bar to dispose of the case, "a reasonable jurist

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

The Court's dismissal of this action under Rule 4 is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. The Court is not engaging in a consideration of the merits. Instead, the Court is invoking the procedural bar provided by Rule 4 to dispose of the case, and as a result Petitioner cannot make the required substantial showing because "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed May 8, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's habeas corpus petition is summarily dismissed because it lacks merit on its face; and

2. A certificate of appealability is denied.


Dated:   July 31, 2008                         /s/ Robert J. Jonker
                                               ROBERT J. JONKER
                                               UNITED STATES DISTRICT JUDGE